NEW-YORK,
May, 1818.

Low
v.
VROOMAN.

## Low *against* VROOMAN.

Where an ejectment cause was referred by consent of the parties, and the land in question surveyed, it was held that the party succeeding in the cause, who had paid expenses attending the survey, was entitled to recover half of these expenses from the opposite party, there being some evidence of an agreement that they should be borne equally, and such expenses not being admissible in the taxation of the costs in the suit.

Where costs have been, upon taxation, improperly struck out of the bill, the remedy of the party is by appeal from the taxation, and not by action against the opposite party for the charges which were rejected.

IN ERROR, on *certiorari* to a justice's court.

This was an action of *assumpsit* for money paid, laid out and expended, brought by the defendant in error against the plaintiff in error. It appeared that there had been an action of ejectment pending in this court between the parties, which, by consent, was referred to surveyors, it being a mere question of boundary. On the survey, one *Tenax* attended as a chainbearer, who sued the plaintiff below for his services, and recovered between eight and nine dollars, for the one half of which this action was brought against the defendant below. The expenses were proved to have been necessary and proper, and that the plaintiff below having succeeded in the ejectment suit, the costs were taxed, but these expenses were struck out of the bill by the taxing officer, and the bill was paid by the defendant below. There was no positive proof that the survey was to be made at the joint expense of the parties, and *Tenax* swore that he considered the plaintiff below as his employer. One of the referees testified that he inferred from the acts of the parties on the survey, that each was to bear an equal share of the expenses, but he did not recollect to have heard from either any explicit declaration on the subject; that on the survey the referees were boarded part of the time by the plaintiff, and part by the defendant. The justice gave judgment for the plaintiff below.

*Per Curiam.* The reference to the surveyors was by mutual consent of the parties, and the costs attending the

survey were not such as could be taxed in the bill of costs, without some special agreement on the subject. The evidence on the question, whether the expenses were to be borne mutually by the parties, is rather doubtful, but such a conclusion may very fairly be drawn from the circumstances given in evidence, and it was so understood by one of the surveyors. It was an expense incurred for the mutual benefit of both, and it is just and equitable that each one should bear his proportion. Had this been a charge which might have been taxed against the losing party, and which had been struck out of the bill of costs improperly, the remedy ought to have been by appeal from the taxation; but not being such a charge, there is no remedy, except by action. We cannot see that any principle of law has been violated, and the real and substantial justice of the case being in support of the judgment, it must be affirmed.

NEW-YORK,<br>May, 1818.

(*a*) If no directions are given respecting the costs of an award, they are to be paid by both parties equally. *Grove* v. *Cox*, 1 *Taunt.* 165.